IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-115-01** |
| **JEROLD J. COHEN** | : | |

### UNITED STATES' GUILTY PLEA MEMORANDUM

**I.     INTRODUCTION.**

Defendant Jerold J. Cohen is charged in an information with one count of conspiracy, one count of aggravated structuring of financial transactions, and two counts of filing a false tax return, in violation of Title 18, United States Code, Section 371; Title 31, United States Code, Section 5324(a)(3); and Title 26, United States Code, Section 7206. The charges arise from the defendant's operation of a sports bookmaking business during which he conspired with others to cash numerous checks from his bettors that were all made out for no more than $10,000 and wilfully filed false federal tax returns for 2009 and 2010 on which he significantly underreported his income from the bookmaking operation. A guilty plea hearing is scheduled for Tuesday, April 1, 2013, at 11:00 a.m.

**II.    PLEA AGREEMENT.**

Pursuant to the terms of the written guilty plea agreement, the defendant will plead guilty to all counts of the information filed in this case. A copy of the plea agreement will be forwarded to the Court in advance of the guilty plea hearing.

III. **ESSENTIAL ELEMENTS OF THE OFFENSES.**

    A.    The essential elements of the offense charged in Count One (conspiracy), a violation of 18 U.S.C. § 371, are that:

        1.    Two or more persons agreed to commit offenses against the United States, as charged in the information;

        2.    The defendant was a party to or member of that agreement;

        3.    The defendant joined the agreement or conspiracy knowing of its objectives to commit offenses against the United States and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve common goals or objectives, to commit offenses against the United States; and

        4.    At some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

    B.    The essential elements of the offense charged in Count Two (aggravated structuring), a violation of 31 U.S.C. § 5324(a)(3), are that:

        1.    The defendant knowingly structured or assisted in structuring a currency transaction with one or more domestic financial institution;

        2.    The defendant knew of the domestic financial institution's legal obligation to report transactions in excess of $10,000;

        3.    The defendant acted with the purpose of evading the reporting obligation; and

        4.    The transaction was part of a pattern of illegal activity involving transactions of more than $100,000 in a twelve-month period.

  C. The essential elements of the offense charged in Counts Three and Four (filing a false tax return), a violation of 26 U.S.C. §7206, are that:

   1. The defendant made and subscribed and filed an income tax return;

   2. The tax return contained a written declaration that it was made under the penalties of perjury;

   3. The return was false regarding a material matter;

   4. The defendant did not believe the return was true and correct as to that material matter; and

   5. The defendant acted willfully.

## IV. MAXIMUM PENALTIES.

The maximum statutory penalty that can be imposed on Count One (conspiracy) is five years of imprisonment, three years of supervised release, a $250,000 fine, and a $100 special assessment. For Count Two (aggravated structuring), it is ten years of imprisonment, three years of supervised release, a $500,000 fine, and a $100 special assessment. For each of Counts Three and Four (filing of false tax returns), it is three years of imprisonment, one year of supervised release, a $100,000 fine, and a $100 special assessment.

Total Maximum Sentence is:  21 years of imprisonment, three years of supervised release, a $950,000 fine, and a $400 special assessment.  Full restitution may be ordered. Forfeiture of all property, real or personal, involved in the offense in violation of 31 U.S.C. § 5324, and any property traceable thereto also may be ordered.

V. **FACTUAL BASIS FOR THE PLEA.**

  If this case were to proceed to trial, the government would introduce competent evidence which would establish that, from at least 2009 through 2011, the defendant operated a sports bookmaking operation in the Philadelphia area, accepting bets from others on various sporting events, collecting debts, and distributing winnings. He had a partner during that time, an individual with the initials I.S. Bettors placed their bets with I.S., and Cohen handled the money, collected debts, and distributed winnings.

  Cohen accepted bettors' gambling debt payments in the form of checks, which were made out in amounts just under $10,000, which he, I.S., and others cashed at a bank and check cashing agencies. In order to settle a gambling debt to the defendant of over $10,000, sometimes bettors delivered all at once multiple checks, all of them made out for just under $10,000. From May 2009, to January 2011, the defendant cashed and caused to be cashed over 170 bettors' checks, each made out for just under $10,000, for a total of $1,550,175, which was income he received in connection with his bookmaking operation. From just January 2010 through December 2010, the defendant and his co-conspirators cashed approximately 98 bettors' checks, each for under $10,000 and totaling approximately $848,500. The defendant and his co-conspirators cashed the checks at eight check cashing agencies in the Philadelphia area and at Wachovia Bank in Philadelphia, all of which are domestic financial institutions. The defendant knew that a cash transaction in an amount greater than $10,000 would trigger an obligation on the part of the financial institution to file a report about the transaction with the government, and he performed the transactions in the manner described in order to avoid triggering such a report.

  During 2009, the defendant received at least $591,875 in gambling proceeds from his bookmaking operation. On his 2009 federal income tax return, he claimed only $132,690 in gambling winnings, intentionally underreporting his gambling income by $459,185. During

4

2010, the defendant received at least $848,500 in gambling proceeds. On his 2010 federal income tax return, he claimed only $125,495 in gambling winnings, intentionally underreporting his gambling income by $723,005. The defendant subscribed to both tax returns, caused them to be filed, and each return contained a written declaration that it was made under the penalties of perjury.

      This memorandum sets forth only the essential facts that would need to be proved to establish the elements of the offenses charged.

      ZANE DAVID MEMEGER
United States Attorney


s/ Nancy E. Potts
NANCY E. POTTS
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically, is available for viewing and downloading from the Electronic Case Filing system, and was served by electronic filing and first class U.S. mail upon:

> Brian J. McMonagle, Esq.
> McMonagle, Perri, McHugh & Mischak, P.C.
> 30 S 15th Street, Suite 701
> Philadelphia, PA 19102

Date: April 2, 2014                              s/ Nancy E. Potts
                                                 Nancy E. Potts